

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LIGURE ELLINGTON,<br>          Plaintiff,<br><br>vs.<br><br>METROPOLITAN SECURITY SERVICES,<br>INC., a/k/a Walden Security, Inc.,<br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:15-1804-MGL |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a job discrimination action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 12, 2017, and Plaintiff filed his objections on January 26, 2017. The Court has carefully considered Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff argues, in light of *Tolan v. Cotton*, 134 S. Ct. 1861 (2014) (per curiam), the Magistrate Judge erred "by weighing evidence and reaching conclusions on credibility while disregarding the existence of competent evidence of racial bias[.]" Objections 2. The law Plaintiff cites from *Tolan* is well established. It is something with which all successful first-year law school students are familiar: when the Court rules on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Tolan*, 572 U.S. at 1863 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (internal quotation marks omitted) (alteration marks omitted)).

Plaintiff maintains the Magistrate Judge, in contravention of the above-recited truism, "engaged in making a credibility determination (rendering one witness undisputedly unbiased) and weigh[ed] evidence by accepting the testimony of [Dickie] Wong that he did not know [Plaintiff] was black." Objections 6 (citation omitted) (internal quotation marks omitted). Wong is Defendant's Vice President of Federal Services. ECF No. 39-1 at 2. Plaintiff states he "was being investigated because he allegedly favored blacks over whites." Objections 6. Plaintiff contends "[t]hat [Wong] claims ignorance over the race of the employee allegedly engaged in bias is disingenuous and is a matter that needs to be evaluated by a jury." *Id*. Further, according to Plaintiff, "[t]hat [Wong] allegedly did not know the race of [Plaintiff], if true, is . . . evidence that he allowed his subordinates to engage in racially biased behaviors while at the same time insulating

himself by granting the true decision making authority to underlings--keeping his hands clean." *Id*. The Court is unconvinced.

Assuming without deciding Plaintiff has established a prima facie case for his claim, Defendant has presented a legitimate and non-discriminatory reason for its decision to demote Plaintiff: his misconduct.

When "reviewing the employer's articulated reasons for discharge and the plaintiff's refutation thereof, [the Court] must keep in mind . . . [the job discrimination laws are] not . . . vehicle[s] for substituting the judgment of a court for that of the employer." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). In other words, "this Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by [employers] charged with employment discrimination." *Id*. at 299 (citations omitted) (internal quotation marks omitted) (alteration marks omitted). Instead, the Court's only interest "is whether the reason for which the defendant [demoted] the plaintiff was discriminatory." *Id*. Therefore, if the "employer articulates a reason for discharging the plaintiff not forbidden by law, it is not [this Court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's [demotion]." *Id*.

In light of Defendant's decision to demote Plaintiff for his misconduct, and Plaintiff's inability to establish pretext, Plaintiff's arguments here must fail. Hence, the Court will overrule this objection.

Plaintiff also contends the Magistrate Judge erred "by excluding viable comparators when performing the *McDonald Douglas* analysis[.]" Objections 2. The Court disagrees.

In deciding whether one is a proper comparator, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (citation omitted) (internal quotation marks omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Id.* (citation omitted) (internal quotation marks omitted). "[T]he quantity and quality of the comparator's misconduct [needs to] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id.*

Plaintiff's argument the job of a Court Security Officer (CSO) is comparable to the job he had as a Lead Court Security Officer (LCSO) is without merit. As the Magistrate Judge noted in the Report, "part of the basis offered by the defendant for demoting [Plaintiff] was that he displayed favoritism in performing those additional duties [of a LCSO] and was unprofessional in addressing the CSOs." Report 11. "Further underscoring the difference in position between an LCSO and a CSO is the fact that the disciplinary measure taken against [Plaintiff] was a demotion from LCSO to CSO, and that the demotion was apparently so substantial to [Plaintiff] that he resigned rather than accept it." *Id.* (footnote omitted).

Plaintiff latches onto the Magistrate Judge's statement "that the demotion was apparently so substantial to [Plaintiff] that he resigned rather than accept it." Objections 5 (quoting Report 11 (emphasis omitted)). According to Plaintiff, this is another example of the Magistrate Judge weighing evidence and making a credibility decision. The Court, however, views the Magistrate Judge's statement regarding Plaintiff's decision to resign as dicta and refrains from relying on it in concluding the CSOs are unable to serve as comparators to Plaintiff.

Related to the previous objection, Plaintiff maintains the lack of a comparator in Plaintiff's action is non-dispositive of Plaintiff's claims. The Court agrees.

"[C]omparator evidence is [not] the final answer in discrimination law. Disputes abound as to who is a valid comparator and who is not." *Laning v. Fed. Exp. Corp.*, 703 F.3d 713, 720 (4th Cir. 2013). The Fourth Circuit has long held, "notwithstanding the virtues of comparator evidence, it of course remains the case that a plaintiff is 'not required as a matter of law to point to a similarly situated . . . comparator . . . to succeed' on a discrimination claim." *Id.* (quoting *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003)). That said, it is beyond dispute comparator evidence can be helpful. *Id.* "In cases where an employer adduces a nondiscriminatory reason for discharging the plaintiff and comparator evidence does not exist to rebut that explanation, the plaintiff must be able to point persuasively to some other form of evidence demonstrating that the employer's explanation was a mere pretext for discrimination." *Id.*

Plaintiff also complains the Magistrate Judge "engages in selecting facts that benefit [Defendant] by accepting as true the summary of the investigation at the heart of Plaintiff's [complaint]. The [Report] craves reference to the raw material and documents upon which the summary is based and assumes its credibility to the detriment of [Plaintiff]." Objections 6 (citation omitted). As to this objection, the Court is unconvinced.

Again, assuming with deciding Plaintiff has made out a prima facie case of discrimination, Defendant has given a legitimate and non-discriminatory reason for Plaintiff's demotion. And, as already noted, Plaintiff has failed to establish pretext on the part of Defendant. Thus, the Court will overrule this objection as well.

5

Although not altogether clear, Plaintiff appears to argue the Magistrate Judge was mistaken to accept Wong's decision to demote Plaintiff on the basis of allegedly inaccurate summaries of the CSO's statements. Wong, however, attested he reviewed both the statements and the summaries of the statements before deciding Plaintiff should be demoted. ECF No. 39-3 at 3. Plaintiff has neglected to produce any credible evidence to the contrary. Accordingly, the Court will also overrule this objection.

The Court has considered Plaintiff's remaining objections but is unpersuaded by them. Some are unspecific, some are conjecture and speculative, and others are merely conclusory allegations. Hence, the Court will overrule these objections, each and every one.

When presented with a motion for summary judgment, the Court must ask, "not whether [it] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In this action, the Court is of the firm opinion no fair-minded or reasonable jury would return a verdict for Plaintiff. Consequently, the Court's granting of Defendant's motion for summary judgment is proper.

After a thorough review of the Report and the record in this case employing the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE